UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FELIX M. GUZMAN, )<br>ALVINO PIZANO, )<br>      )<br>    Plaintiffs, )<br>vs. )<br>      )<br>STATE OF INDIANA, et al., )<br>      )<br>    Defendants. ) | Case No. 1:13-cv-1002-TWP-MJD |

**Entry Concerning Selected Matters**

This matter is before the Court on several motions filed by Plaintiffs' Felix Guzman ("Guzman") and Alvino Pizano ("Pizano") (collectively the "Plaintiff's") pending Motion. The Court, having considered the above action and the matters, makes the following rulings:

1.    Plaintiff Guzman's motion to proceed *in forma pauperis* [Dkt. 2] is **GRANTED**. The assessment of even a partial filing fee is not feasible at this time.

2.    Plaintiff Pizano's motion to proceed *in forma pauperis* [Dkt. 3] is **GRANTED.** Plaintiff Pizano is assessed an initial partial filing fee of Two Dollars and Ninety Cents ($2.90). He shall have **through July 31, 2013,** in which to pay this sum to the clerk of the district court.

3.    The Plaintiffs' motion to appoint counsel [Dkt. 4] is **DENIED.** Litigants requesting that counsel be recruited must show as a threshold matter that they have made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). The Plaintiffs' motion makes no reference to having made this effort or of being prevented from doing so.

4. This action shall *not* proceed as a class action. As *pro se* litigants, the Plaintiffs do not have the resources or training necessary to fairly and adequately protect the interests of a class by managing the legal or practical complexities associated with such a task. *See Fed.R.Civ.P.* 23(a).

5. The motion for preliminary injunction [Dkt. 5] is **DENIED.** "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (internal quotation omitted). To warrant preliminary injunctive relief, the movant must first establish that he has "(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Ezell v. City of Chicago,* 651 F.3d 684, 694 (7th Cir. 2011). With respect to the first prong, Plaintiffs have failed to make a clear showing that they are entitled to the relief they seek. First, the Plaintiffs have not shown that they lack an adequate remedy at law. Plaintiffs have filed this civil rights lawsuit seeking the same relief. The complaint will be screened for viable claims pursuant to 28 U.S.C. § 1915A after the initial partial filing fee has been paid. There is no basis for issuing an injunction at this stage of the litigation without participation of the Defendants. Second, contrary to the Plaintiffs' assertions, they have failed to show that absent such injunction, they will suffer *irreparable* harm. (Emphasis added). Plaintiffs' are currently prisoners and for the most part, the harm alleged in their complaint either does not affect them while incarcerated or has not been shown to be irreparable.

**SO ORDERED.**

Date: ___07/02/2013___

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Felix M. Guzman
111931
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Alvino Pizano
124897
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Financial Deputy Clerk